UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUNA ECLIPSE, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>PAMELA SCOTT WASHINGTON, <br><br>　　　　　　Defendant. | Case No. 3:22-cv-5501-BHS <br><br> REPORT AND RECOMMENDATION |

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1-1. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth herein, the Court should deny plaintiff's motion for leave to proceed *in forma pauperis*.

### FACTUAL BACKGROUND

Plaintiff bring this action for alleged violations of plaintiff's rights. Dkt. 1-1 at 5. The proposed complaint's statement of facts alleges: "Initial appearance under false name I refused service by J.S. of 'charging instrument' forced to assume/impersonate some other person. Second appearance told I couldn't Answer for other person constituting fraud of state/victimizing me." Dkt. 1-1 at 5.

REPORT AND RECOMMENDATION - 1

It appears that plaintiff's claims stem from a prior judicial proceeding. Plaintiff attached an affidavit from a criminal trial in Alaska. Dkt. 1-1 at 7-9. Plaintiff also attached an Offer for Pretrial Disposition from the Municipality of Anchorage Department of Law. Dkt. 1-1 at 10.

## DISCUSSION

The district court may deny leave to proceed *in forma pauperis* at the outset if the complaint on its face is frivolous or without merit. *See O'Loughlin v. Doe,* 920 F.2d 614, 616-617 (9th Cir. 1990); *Kittleson v. Washington*, 683 Fed. Appx. 639, 2017 WL 1046218 (9th Cir. 2017) (unpublished). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

A magistrate judge may issue an order *granting* IFP, but has no authority to issue a dispositive order *denying* in forma pauperis status, unless the parties have consented to having the magistrate judge decide their civil case. 28 U.S.C. § 636(c); *Tripati v. Rison,* 847 F.2d 548, 548-49 (9th Cir. 1988); *Woods v. Dahlberg,* 894 F.2d 187, 188 (6th Cir. 1990) (observing that denial of IFP status is the equivalent of an involuntary dismissal). The magistrate judge is authorized to issue an order granting IFP status; however if the proposed decision would be a denial of IFP status, then the magistrate judge would only be authorized to submit a report and recommendation. *Id.* A plaintiff is not entitled to submit an objection to the magistrate judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam) *as amended* (September 9, 1988). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d at 548-549.

1    Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a
2 claim for relief must contain:

3    (1) A short and plain statement of the grounds for the court's jurisdiction, unless
4        the court already has jurisdiction and the claim needs no new jurisdictional
5        support.

6    (2) A short and plain statement of the claim showing the pleader is entitled to
7        relief; and

8    (3) A demand for relief sought which may include relief in the alternative or
9        different types of relief.

10    While the pleading standard under FRCP 8 "does not require 'detailed factual
11 allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me
12 accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain
13 more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual
14 enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

15    When a plaintiff appears pro se in a civil rights case, "the court must construe the
16 pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v.*
17 *Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard
18 does not excuse a pro se litigant from meeting the most basic pleading requirements.
19 *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08
20 (9th Cir. 2000).

21    To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the
22 conduct complained of was committed by a person acting under color of state law, and
23 (2) the conduct deprived a person of a right, privilege, or immunity secured by the

24
25

REPORT AND RECOMMENDATION - 3

1  Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981),

2  *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is

3  the appropriate avenue to remedy an alleged wrong only if both of these elements are

4  present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and

5  conclusory allegations of officials participating in a civil rights violation are not sufficient

6  to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269

7  (9th Cir. 1982).

      A.  <u>Venue</u>

      Venue may be raised by the Court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1391, venue is proper in:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is filed in the wrong district, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See, 28 U.S.C. § 1406(a).

      Based on the allegations in plaintiff's proposed complaint it appears that the events underlying this action occurred in Alaska. Dkt. 1-1 at 7-10. Plaintiff contends that the claims in this action arise from an underlying judicial proceeding. Dkt. 1-1 at 5.

REPORT AND RECOMMENDATION - 4

Plaintiff does not identify where this proceeding allegedly occurred. Yet, the documents attached to the complaint indicate that the proceeding in question occurred before a state court in Alaska. Dkt. 1-1 at 7-10. Further, the proposed complaint contends that defendant resides in Anchorage, Alaska. Dkt. 1-1 at 2. The proposed complaint also contends that plaintiff has a mailing address in Washington, but plaintiff's summons indicates residence in Anchorage, Alaska. Dkt. 1-1 at 12; Dkt. 1-3.

Based on the facts alleged in the complaint the Western District of Washington is not the appropriate venue for this action because the defendant in this action resides in Alaska and the facts underlying this action appear to have occurred in Alaska. *See*, 28 U.S.C. § 1391(b)(1)-(3).

Pursuant to 28 U.S.C. § 1391, this district is not the appropriate venue for this action. Because this action is not properly before the Court, the Court should deny plaintiff's application to proceed *in forma pauperis.*

B. Leave to Amend

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, amendment would be futile because plaintiff alleges that defendant resides in Alaska and that the underlying facts occurred in Alaska. Accordingly, venue is not proper before this Court and amendment would not cure this defect.

REPORT AND RECOMMENDATION - 5

## CONCLUSION

Because this Court is not the proper venue for this action and amendment would be futile, the Court should deny plaintiff's motion to proceed *in forma pauperis.* A plaintiff is not entitled to submit an objection to the magistrate judge's report and recommendation that IFP status should be denied. *Minetti,* 152 F.3d at 1114. Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d at 548-549.

The Court should direct plaintiff to pay the Court filing fee within 21 days of adoption of this order if plaintiff wishes to proceed with this action. If plaintiff fails to pay the Court filing fee, the undersigned will issue a Report and Recommendation to dismiss this action without prejudice for failure to prosecute.

Dated this 17th day of August, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge